UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| RONALD DAVIDSON, | **DECISION** |
| Plaintiff, | **and** |
| v. | **ORDER** |
| R. PEARSON, C. WALTERS, | **02-CV-88F** |
| EDWARD DONNELLY, | |
| Defendants. | |

_____

APPEARANCES:      RONALD DAVISON, *Pro Se*
                             76-A-1166
                             Shawangunk Correctional Facility
                             Box 700
                             Wallkill, New York   12589

                             ELIOTT SPITZER
                             NEW YORK STATE ATTORNEY GENERAL
                             Attorney for the Defendants
                             STEPHEN F. GAWLIK,
                             Assistant Attorney General, of Counsel
                             107 Statler Towers
                             Buffalo, New York   14202

## JURISDICTION

The parties consented to proceed before a magistrate judge on April 26, 2004. The matter is presently before the court on Defendants' motion to compel answers to Defendants' interrogatories served December 29, 2004 (Doc. No. 33).

## BACKGROUND and FACTS[1]

Plaintiff's civil rights complaint alleging retaliation based on an alleged fabricated misbehavior report was commenced January 30, 2002. A scheduling order directing

---

[1] Taken from motion papers and pleadings filed in this action.

the close of discovery on March 10, 2005 (Doc. No. 29) was filed on July 20, 2004.  As noted, Defendants served interrogatories on December 29, 2004.  Upon Plaintiff's failure to respond after attempting to resolve the matter through correspondence with Plaintiff, Defendants moved to compel on February 10, 2005.  Defendants' motion is supported by the Affidavit of Stephen Gawlik, Assistant Attorney General, dated February 10, 2005 (Doc. No 35) ("Gawlik Affidavit").

In an affidavit filed March 3, 2005 (Doc. No. 37), Plaintiff opposes the motion by Affidavit of Ronald Davidson, dated February 24, 2005 ("Davidson Affidavit").  Specifically, Plaintiff states that because of a transfer from Elmira to Auburn prison on December 23, 2004 and from Auburn to Shawangunk, his current facility, he was unaware of Defendants' interrogatories.  Davidson Affidavit ¶ ¶ 4-6.  Plaintiff also accused Defendants of responsibility for his transfers which he asserts were in retaliation for commencing this lawsuit.  Davidson Affidavit ¶ 7.  Defendants' reply affidavit was filed March 8, 2005 by Affidavit of Stephen Gawlik dated March 8, 2005 (Doc. No. 38) ("Gawlik Reply Affidavit").

## DISCUSSION

Plaintiff contends as he was unable to timely respond to Defendants' interrogatories as a result of his transfers, he should now be granted additional time within which to do so.  Davison Affidavit ¶ ¶ 4-6.  Plaintiff also argues that as the transfers were intended to prevent Plaintiff's response to the interrogatories, Defendants' motion is in bad faith and should be denied.  *Id.*

Defendants argue that Plaintiff has not denied he received Mr. Gawlik's January

27, 2005 letter requesting Plaintiff answer the interrogatories and proposing an enlargement of time for that purpose. Gawlik Reply Affidavit ¶ 6-7. Defendants also argue that as Plaintiff ignored the letter and failed to provide the requested answers to Defendants' interrogatories, Plaintiff has failed to timely file such answers, and Defendants' motion should therefore be granted.

While the court does not disagree that Plaintiff could have prepared and served the requested answers instead of opposing the instant motion, given that Plaintiff has now stated his willingness to answer the interrogatories, the court will hold Defendants' motion is abeyance pending service of Plaintiff's answers **within 45 days of service of this Decision and Order**. Counsel for Defendants is directed to advise the court by affidavit of Plaintiff's compliance with this direction. In the event Plaintiff shall serve the answers as directed herein, the motion will be DISMISSED as moot. If Plaintiff shall fail to serve such answers, upon being advised by Defendants' affidavit of Plaintiff's failure, the court will enter a further order granting Defendants' motion.[2]

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: June 8, 2005
      Buffalo, New York

---

[2] As Plaintiff's allegations of bad faith against Defendants are conclusory, the court will not address Plaintiff's request that Defendants' motion be denied on this basis.