UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

RONALD DAVIDSON,

                Plaintiff,

v.

R. PEARSON, C. WALTERS, and
EDWARD DONNELLY,

                Defendants.

**DECISION
and
ORDERED**

02-CV-0088F
(consent)

---

APPEARANCES:  RONALD DAVIDSON, *Pro Se*
76-A-1166
SHAWANGUNK CORRECTIONAL FACILITY
Box 700
Wallkill, New York 12589

ANDREW M. CUOMO
ATTORNEY GENERAL, STATE OF NEW YORK
Attorney for Defendants
STEPHEN F. GAWLIK
Assistant Attorney General, of Counsel
107 Statler Towers
Buffalo, New York 14202

On April 26, 2004, the parties to this action consented pursuant to 28 U.S.C. § 636(c) to proceed before the undersigned. The matter is presently before the court on Defendants' motion for summary judgment (Doc. No. 44), filed December 9, 2005.

Plaintiff Ronald Davidson ("Plaintiff"), commenced this action *pro se*, alleging that Defendants violated his civil rights by issuing a false misbehavior report to retaliate against Plaintiff for filing various lawsuits and grievances against Department of Correctional Services ("DOCS") employees. Specifically, Plaintiff alleges that on December 27, 1998, while incarcerated at Wende Correctional Facility ("Wende"), Defendant correction officer Pearson issued a misbehavior report for retaliatory

reasons, that Defendant Walters confined Plaintiff to his cell until a disciplinary hearing was held in connection with the misbehavior report, and that Defendant Donnelly failed to intervene on Plaintiff's behalf.

On December 9, 2005, Defendants filed the instant motion seeking summary judgment (Doc. No. 44), along with supporting papers, including, a Memorandum of Law (Doc. No. 47) ("Defendants' Memorandum"), a Statement of Undisputed Facts (Doc. No. 45) ("Defendants' Undisputed Facts Statement"), and the Declarations of Edward Donnelly (Doc. No. 46), Robert Pearson (Doc. No. 48), and Conrad Walters (Doc. No. 49).  On February 1, 2006, Plaintiff moved for an extension of time to respond in opposition to summary judgment, and the request was denied on January 25, 2007 (Doc. No. 59).  To date, Plaintiff has not filed anything in opposition to summary judgment.  Oral argument was deemed unnecessary.

Based on the following, Defendants' motion for summary judgment is GRANTED.

Summary judgment of a claim or defense will be granted when a moving party demonstrates that there are no genuine issues as to any material fact and that a moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) and (b); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250-51 (1986); *Rattner v. Netburn*, 930 F.2d 204, 209 (2d Cir. 1991).  The party moving for summary judgment bears the burden of establishing the nonexistence of any genuine issue of material fact and if there is any evidence in the record based upon any source from which a reasonable inference in the non-moving party's favor may be drawn, a moving party cannot obtain a summary judgment.  *Celotex*, 477 U.S.

at 322.  Once a party moving for summary judgment has made a properly supported showing as to the absence of any genuine issue as to all material facts, the nonmoving party must, to defeat summary judgment, come forward with evidence that would be sufficient to support a jury verdict in its favor.  *Goenaga v. March of Dimes Birth Defects Foundation*, 51 F.3d 14, 18 (2d Cir. 1995).

In the instant case, Defendants seeks summary judgment on the basis that, *inter alia*, the action is time-barred because it was filed more than three years after the date the alleged unlawful acts occurred.  Defendants' Memorandum at 2-3.  In particular, although the alleged false misbehavior report was issued on December 27, 1998, and the disciplinary hearing concluded on January 6, 1999, Plaintiff did not commence the instant action until January 30, 2002, more than three years later.  *Id*.  Plaintiff has not responded to this argument.

New York State's three-year statute of limitations for personal injuries governs civil rights actions brought under § 1983.  *Owens v. Okure*, 488 U.S. 235, 251 (1989); *Murphy v. Lynn*, 53 F.3d 547, 548 (2d Cir.1995).  Plaintiff's claims initially accrued on December 27, 1998,  the date the alleged false misbehavior report was issued and continued to accrue until he was released from cell confinement following the disciplinary hearing on January 6, 1999, more than three years before the action was filed on January 30, 2002.  Significantly, Plaintiff does not argue that the applicable limitations period was tolled for any reason.  As such, Plaintiff's claim is time-barred and Defendants' motion for summary judgment is GRANTED.

## **CONCLUSION**

Based on the foregoing, Defendants' motion for summary judgment (Doc. No. 44) is GRANTED.  The Clerk of the Court is directed to close the file.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:    March 28, 2007
          Buffalo, New York